David E. Stanley (SBN 144025)
Email:  dstanley@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant Astora Women's Health, LLC (f/k/a American Medical Systems, Inc.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA MUNOZ and GUILLERMO MUNOZ,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.; AMERICAN MEDICAL SYSTEMS HOLDINGS, INC.;  ENDO PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS HOLDINGS, INC. and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No. 2:20-cv-01640-ODW-JPR<br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR REFERENCE TO PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Proposed Order and Declaration of David E. Stanley in Support filed concurrently herewith]<br><br>**Pre-Trial Conference Date:** February 7, 2022<br><br>**Motions *In Limine* Hearing Date**: February 7, 2022<br>Time:  1:30 p.m.<br>Courtroom:  5D<br><br>**Trial Date:**  February 22, 2022<br><br>Honorable Otis D. Wright, II |

Pursuant to the Court's December 8, 2021 Minute Order (**Doc. 146**) and Federal Rule of Civil Procedure 42(b), Defendant Astora Women's Health, LLC (f/k/a American Medical Systems, Inc.) ("Defendant") respectfully moves this Court for an Order *in limine* excluding evidence of or argument about punitive damages, because punitive damages are not available in this case. In the alternative, Defendant moves for an order bifurcating trial into an initial liability phase, in which entitlement to compensatory and punitive damages is determined, with a second phase determining the amount of punitive damages to follow only if the jury determines that punitive damages are warranted. The parties met and conferred pursuant to L.R. 7-3 but were unable to reach agreement.

## I. IDENTIFICATION OF EVIDENCE AT ISSUE

Plaintiffs' only remaining claims in this action are for negligence, gross negligence, and loss of consortium. Because Plaintiffs' sole avenue for relief sounds in negligence, punitive damages are not available under California law. Yet, Plaintiffs have made clear in their pretrial filings that they intend to offer evidence and argument on subjects that pertain exclusively to punitive damages in an effort to misguide and bias the jury against Defendant.

Specifically, Plaintiffs' Memorandum of Contentions of Fact and Law sets out their position on the availability of punitive damages, and the "key evidence" in support of their claim. *See* Doc. 129 (**Ex. 1**) at 4-5, 8-10.[1] For instance, Plaintiffs intend to offer evidence and argument related to Total 3365 resin (the resin used in Defendant's pelvic mesh products), as well as other resins, and their accompanying MSDSs. *See id.* at 8. Plaintiffs' amended exhibit list further reveals that Plaintiffs intend to offer substantial evidence related to pelvic organ prolapse ("POP") and devices used exclusively for POP, and have argued in response to Defendant's objections that such evidence is relevant to Plaintiffs' punitive damages claims. *See generally* Joint Exhibit

---

[1] All exhibits are attached to the Declaration of David E. Stanley in Support of Defendant's Motion in Limine No. 5.

- 1 -
DEFENDANT'S MOTION *IN LIMINE* NO. 5; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

List, Doc. 135-1. While Plaintiffs may argue that this evidence is also relevant to their negligent design claim, Defendant has set forth elsewhere why these particular examples are not relevant.[2] Indeed, the only purpose for the introduction of such evidence would be to inflame the jury and support a potential punitive damages claim.

Plaintiffs have also included 10-K filings for American Medical Systems Holdings, Inc. (an entity that is not a defendant in this case) from 2011-2020 in their exhibit list; such information is not relevant to any liability issues in this case, and could only inform the amount of punitive damages awarded. *See* P exhibit 52 (**Ex. 2**).

As set forth in more detail *infra*, the Court should exclude any reference to or argument about punitive damages at trial, because punitive damages are not available for Plaintiffs' remaining claims. Further, the Court should exclude any irrelevant, prejudicial evidence that is relevant solely to punitive damages.

## II.   ARGUMENT

### A.   Plaintiffs Are Not Entitled To Punitive Damages As A Matter Of California Law Because This Case Has Been Limited to Negligence

As a result of the parties' stipulation and the Court's ruling on summary judgment, the only claims left to litigate in this case are for negligence. California law is clear that negligent conduct (even grossly negligent conduct) is not sufficient to support an award of punitive damages. *See Hung v. Tribal Techs.*, 2015 Cal. Super. LEXIS 18774, at *2 (Cal. Super. Ct., Feb. 5 2015) (granting motion for demurrer regarding punitive damages where only a claim for negligence remained); *Flexer v. Valley Presbyterian Hosp.*, 2021 Cal. Super. LEXIS 6369, at *12 (Cal. Super. Ct., March 18, 2021) (dismissing claim for punitive damages where plaintiff's only remaining claim was based on a theory of negligence).

---

[2] Defendant's Motion *in Limine* No. 4 discusses the resin and MSDS arguments; Defendant's Motion *in Limine* No. 3 discusses products not at issue, including products intended for POP only; Defendant's response to Plaintiffs' Motion *in Limine* No. 1 discusses that any argument related to premarket clinical testing and studies should be excluded (Defendant's Opposition to Plaintiffs' Motion *in Limine* No. 1 to Exclude Evidence Relating to the United States Food and Drug Administration, Doc. 130).

California Civil Code § 3294(a), which governs the application of punitive damages, provides in pertinent part:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

California courts have thus consistently held that ordinary negligence cannot meet this standard: "[n]egligence, even if gross or reckless, cannot justify punitive damages." *Lee v. Bank of Am.*, 218 Cal. App. 3d 914, 920 (1990); *see also*, *e.g.*, *Krusi v. Bear, Stearns & Co.*, 144 Cal. App. 3d 664, 679 (1983) ("[M]ere negligence, . . . – even if gross, or reckless – cannot justify punitive damages."); *Dawes v. Super. Ct.*, 111 Cal. App. 3d 82, 87 (1980) ("[T]he cases have uniformly recognized that proof of negligence, even gross negligence, or recklessness is insufficient to warrant an award of punitive damages.").

Despite this, Plaintiffs claim that they would be entitled to punitive damages if they can show one of the following by clear and convincing evidence:

> (1) that the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of AMS, who acted on behalf of AMS; or
>
> (2) that the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of AMS; or
>
> (3) that one or more officers, directors, or managing agents of AMS knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

*See, e.g.*, Doc. 145 at 27; **Ex. 1** at 10. But Plaintiffs are wrong. Plaintiffs' own facts in support of their entitlement to punitive damages prove that they cannot meet the standard required by California law.

For one, Plaintiffs have stipulated to dismiss their fraud claims with prejudice. Any implication that they have a claim for fraud is incorrect and should not be permitted, because it would allow Plaintiffs to circumvent both the higher pleading standard imposed on fraud claims as well as the parties' stipulation of dismissal, prejudicing Defendant significantly. Thus, the only way for Plaintiffs to recover punitive damages here would be to show oppression or malice. Malice is defined by § 3294(c)(1) as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Oppression is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* at (c)(2).

California courts have interpreted "despicable conduct" to be conduct "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Butte Fire Cases*, 24 Cal. App. 5th 1150, 1159 (2018) (internal citations and quotations omitted). Such conduct has been "described as having the character of outrage frequently associated with crime." *Id.* Likewise, "conscious disregard" means "that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences." *Id.* (citing *Hoch v. Allied-Signal, Inc.* 24 Cal. App. 4th 48, 61 (1994)). The standard to establish conscious disregard is high: "the defendant must have *actual knowledge* of the risk of harm it is creating and, in the face of that knowledge, fail to take steps it knows will reduce or eliminate the risk of harm." *Id.* (internal citations and quotations omitted) (emphasis in original); *see also Johnson & Johnson Talcum Powder Cases*, 37 Cal. App. 5th 292, 332 (2019) ("Conscious disregard for the safety of another may be found where the defendant is aware of the probable dangerous consequences of his or her conduct and he or she willfully fails to avoid such consequences.") (internal citations and quotations omitted). Plaintiffs must prove Defendant met these standards with clear and convincing evidence, meaning that

- 4 -

the evidence must be "so clear as to leave no substantial doubt." *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 891 (2000).

The evidence that Plaintiffs have proffered to support their punitive damages claim is woefully lacking. Indeed, much of the "evidence" presented by Plaintiffs is actually argument. At no point do Plaintiffs allege that Defendant deliberately acted or failed to act, knowing that it would cause harm. Instead, Plaintiffs claim that Defendant's alleged negligent failure to "develop[] or communicate[] a contingency plan" for managing complications with its devices after implant, "develop[] a way to remove the entire mesh," failure to conduct human testing, and failure to conduct "adequate" safety testing, without any specificity, are sufficient under California law. **Ex. 1** at 14-15. This is patently untrue.

Plaintiffs also claim in their Omnibus Response to Defendant's Motions *in Limine* that courts in "identical" cases have allowed punitive damages claims to proceed. Doc. 145 at 27. But, the plaintiffs in those cases alleged intentional acts by defendants to hide high likelihood of harms to users, or suppress information to the public. In *Sanchez v. Boston Scientific Corp.*, for instance, plaintiffs claimed and supported with evidence that Boston Scientific did not conduct any pre-clinical studies on its device, and that it ignored an express warning in an agreement with its polypropylene supplier to conduct testing. *Sanchez v. Bost. Sci. Corp.*, 38 F. Supp. 3d 727, 742 (S.D.W. Va. 2014). No such warning or agreement exists here.

The other cases Plaintiffs rely on do not help. *See* Doc. 145 at 27-28. In *Simplicity Int'l v. Genlabs Corp.*, No. CV 09-6146 SVW (RCx), 2010 U.S. Dist. LEXIS 148159, *5 (C.D. Cal. Apr. 21, 2010), plaintiff alleged that defendant knew its business with plaintiff was to provide products to Wal-Mart for sale, and that defendant negligently failed to perform its duties, resulting in the loss of plaintiff's business relationship with Wal-Mart. The Court declined to strike the punitive damages claim, but noted that "given the facts alleged in the FAC," punitive damages would be "**extremely unlikely**," but that the issue was better suited for summary judgment. *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

at *7 (emphasis in original).  Likewise, in *Woolstrum v. Mailloux*, 141 Cal. App. 3d Supp. 1, 7 (1983), the court *overturned* the jury's punitive damages award in a case involving a farmer's negligent maintenance of his fence, noting that the facts were "*ludicrously insufficient*" to justify punitive damages, as this was a "garden variety negligence action."  (emphasis in original).  Finally, in *Nolin v. Nat'l Convenience Stores, Inc.*, 95 Cal. App. 3d 279, 283-285 (1979), plaintiff was entitled to punitive damages when she showed that defendant expressly ignored an overflowing gas pump that it was warned about multiple times.  Plaintiffs here have not alleged, or proven to the requisite degree, any action by Defendant that is remotely within the realm needed to warrant punitive damages.

Here, the only claims that remain sound in ordinary negligence.  Even if Plaintiffs somehow prevail on their ordinary negligence claims, they would not be entitled to punitive damages under California law.  Defendant therefore requests an order precluding Plaintiffs and their counsel from introducing evidence of or argument about punitive damages.

**B.  Should This Court Allow For The Possibility Of Punitive Damages, It Should Be Bifurcated Into a Separate, Second Phase of Trial To Avoid Unfair Prejudice To Defendant**

If this Court does find that punitive damages are available in an ordinary negligence-only case such as this—which it should not—then bifurcation as to the amount of punitive damages is needed to avoid prejudice.  Federal Rule of Civil Procedure 42 allows for separate trials on distinct issues "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Courts have routinely found that allowing plaintiffs to present evidence relevant to amount of punitive damages before the jury makes a determination as to liability would be unfairly prejudicial to defendants.  *Littlefield v. Nutribullet, L.L.C.*, 2018 U.S. Dist. LEXIS 235437, at *3 (C.D. Cal. May 18, 2018) ("Courts often exercise that discretion to separate punitive damages from the remaining issues in the action . . . .  However, what

- 6 -

is more typical is that liability for punitive damages is tried with liability for compensatory damages and their amount; only the amount of punitive damages is bifurcated.  The jury needs to learn the net worth of a defendant, which is irrelevant and probably prejudicial in deciding liability and the amount of compensatory damages."); *Hermosillo v. Cty. of San Bernardino*, 2017 U.S. Dist. LEXIS 230350, at *13-*14 (C.D. Cal. Feb. 16, 2017) ("[T]he Court does find that the introduction of evidence regarding defendants' personal finances would be prejudicial if disclosed during the liability phase and that bifurcation is warranted.  The first phase will address the question of defendants' liability and damages, as well as the question of whether plaintiffs have proven that defendants acted with malice, oppression, or reckless disregard.  If the jury makes this latter finding, then there will be a second phase as to the amount of punitive damages."); *Romero v. S. Schwab Co.*, 2017 U.S. Dist. LEXIS 188185, at *13-*14 (S.D. Cal. Nov. 14, 2017) ("The Court agrees that the issues of liability and punitive damages are separable, allowing financial records that are not relevant to the underlying liability trial would be prejudicial and bifurcation would conserve judicial resources."); *Barker v. Yassine*, 2016 U.S. Dist. LEXIS 107798, at *8 (E.D. Cal. Aug. 12, 2016) ("[B]ifurcation would avoid potential confusion of the jurors and prejudice to defendant that might result from the presentation of evidence about defendant's personal finances and net worth while the jury is determining defendant's liability and plaintiff's non-punitive damages.  Furthermore, bifurcation would expedite and economize trial by precluding the presentation of evidence or argument relating to punitive damages unless and until it is necessary.").

This Court should apply that logic here and bifurcate the amount of punitive damages, if liability is found, into a separate, second phase of trial under Rule 42. Defendant would be at a severe disadvantage if forced to litigate the amount of punitive damages prior to the determination of liability.  In order to mitigate this risk of unfair prejudice to Defendant and preserve its constitutionally guaranteed due process rights,

trial must be bifurcated with the amount of any punitive damages to be addressed in a second trial phase only if liability is established in the second.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion *in Limine* No. 5 to exclude reference to or evidence of punitive damages.

DATED: January 12, 2022            REED SMITH LLP

By:   /s/ David E. Stanley
David E. Stanley
Attorneys for Defendant Astora Women's Health, LLC (f/k/a American Medical Systems, Inc.)